**In the Matter of John A. WALTER, Debtor.**

**John T. WALTER, Plaintiff,**

v.

**John A. WALTER, Defendant.**

**Bankruptcy No. 84–375.
Adv. No. 85–12.**

United States Bankruptcy Court,
D. Delaware.

June 11, 1985.

Maxine L. LaPlace, Newark, Del., for debtor/defendant.

Edwin A. Tos, II, Wilmington, Del., for plaintiff.

## MEMORANDUM OPINION
## AND ORDER

HELEN S. BALICK, Judge.

This motion for counsel fees arises in an action brought by John T. Walter against John A. Walter seeking a determination of nondischargeability of a debt on the ground of false pretenses or false representation under 11 U.S.C. § 523(a)(2)(A). At trial following presentation of plaintiff's evidence, the action was dismissed on defendant/debtor's motion. Defendant/debtor's attorney is asking for an order requiring plaintiff, John T. Walter, to pay her counsel fees of $990.

Section 523(d) provides for the assessment of fees and costs against a creditor who brings an action on a consumer debt under § 523(a)(2) if his position is not substantially justified. The legislative history reflects that the purpose of this subsection is to discourage creditors from bringing actions in the hope of obtaining a settlement from an honest debtor anxious to save attorney's fees. It was enacted to correct practices that impaired the debtor's fresh start and are contrary to the spirit of the bankruptcy laws. Further, creditors holding consumer debts are generally better able to bear the costs of litigation than a debtor which places an additional disincentive on a debtor to litigate even though he believes the action unjustified. It must be noted, however, that this subsection applies only if the debt is a consumer debt. That term is defined in 11 U.S.C. § 101(7) to mean a "debt incurred by an individual primarily for a personal, family, or household purpose". 3 *Collier on Bankruptcy* ¶ 523.12, p. 523–77.

■ This debt arose out of a father's need for funds in his business operations and his inability to obtain a commercial loan. The son, upon the father's promise to pay him, borrowed from Household Finance Corporation money to pay for insurance on a truck which the son was to drive in his father's business. This provided a means of additional work for the father and the son in the father's hauling business. Business reverses prevented the father's repayment of this loan. This is not the kind of debt Congress envisioned when it enacted this subsection. Consequently, defendant/debtor's motion for an order directing John T. Walter to pay John A. Walter's counsel fees must be denied.

■ Assuming for purposes of argument only that the debt is a consumer debt, the

question of whether plaintiff was justified in bringing the action must be addressed. The son's complaint was dismissed when he failed to show that at the time the loan was made in 1981 it was the father's intent not to repay him or that his father intentionally misled him. For approximately four years, plaintiff has been making payments on a loan his father promised to either pay direct or repay him. He has received nothing from his father. The plaintiff is 26 years old—he is not a worldly businessman. He relied on the advice of an attorney in filing the action. His failure to prove his case in and of itself is insufficient to find the bringing of the action an unjustifiable act.

Going one step further for purposes of argument only, even if John T. Walter's act in bringing suit was not substantially justified, it would not be fair to order him to pay his father's counsel fees. Congress did not intend equally positioned private parties, absent an abusive filing, to bear the expense of the other's cost of litigation. 3 *Collier*, supra.

In light of the foregoing rulings, it is not necessary to determine whether the motion meets all of the technical standards imposed for such applications by the Court of Appeals for this Circuit.